UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:25-CR-145-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SIDNEY DONELLA BEATY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 22 (Minute Entry), United States Magistrate Judge Edward B. Atkins recommended that the undersigned accept Defendant Beaty's guilty plea and adjudge her guilty of Counts 1 and 10 of the Indictment, along with the forfeiture allegation (DE 1). *See* DE 24 (Recommendation); *see also* DE 23 (Plea Agreement). Judge Atkins expressly informed Defendant of her right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 24 at 3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in h[er] objections to the magistrate[ judge]'s report and recommendation . . . [s]he has forfeited h[er] right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any

objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, ORDERS as follows:

1. The Court ADOPTS DE 24 and ADJUDGES Beaty guilty of Counts 1 and 10 of the Indictment (DE 1);

2. Further, per Judge Atkins's unopposed recommendation and Defendant's agreement (DE 23 ¶ 10, at 4–5), the Court provisionally FINDS that the property identified in the Indictment (DE 1 at 4) is forfeitable and that Beaty has an interest in said property, and preliminarily ADJUDGES Defendant's interest in such property FORFEITED. Particularly, this takes the form of a preliminary forfeiture money judgment in the stipulated amount of $172, 478.74, representing proceeds obtained. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. FED. R. CRIM. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* (b)(4)(B); and

3. The Court will issue a separate sentencing order.[1]

This the 20th day of April, 2026.



**Signed By:**

*Robert E. Wier*

**United States District Judge**

---

[1] At the hearing, Judge Atkins permitted Beaty to remain out on bond. *See* DE 24. This was her status following arraignment. *See* DE 8. Absent intervening orders, and given the offense nature, Defendant shall remain out on bond, per the stated conditions of release, pending sentencing.